UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:23-cv-526 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| FRANKIE J. HUDSON, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Frankie J. Hudson, Jr. ("Hudson") to review the order of detention. (Doc. No. 17 (Motion).) Plaintiff United States of America (the "government") did not file a response. Hudson does not seek a hearing in connection with his motion, and because the motion relies exclusively upon issues, arguments, and evidence previously before the magistrate judge, the Court finds that the present motion may be considered on the parties' written submissions. As part of its *de novo* review, the Court has reviewed the following:

(1) the indictment (Doc. No. 1);

(2) the pretrial services report (Doc. No. 14) (Sealed);

(3) the magistrate judge's order of detention (Doc. No. 15);

(4) the transcript from the detention hearing (Doc. No. 18); and

(5) Hudson's motion to review detention (Doc. No. 17).

In accordance with 18 U.S.C. § 3142(f), the Court has reviewed the record to determine whether there is any condition or combination of conditions of release that would reasonably

assure the appearance of Hudson at further court proceedings and protect the public. In this case, there is no presumption of detention. *See* 18 U.S.C. § 3142(f)(1). In the absence of a presumption of detention, the government bears the burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community; additionally, the government bears the burden of proving by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Hudson's appearance as required.

I.  **BACKGROUND**

On September 20, 2023, a federal grand jury sitting in the Northern District of Ohio returned a one-count indictment charging Hudson with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. No. 1.) The charge stemmed from a January 13, 2023, traffic stop during which Hudson was pulled over while driving a vehicle in Canfield, Ohio. A search of the vehicle revealed a firearm,[1] marijuana, and oxycodone located in the purse of a passenger. When questioned, the passenger reported that Hudson had given her the weapon and oxycodone when the vehicle was pulled over. (Doc. No. 14, at 1–2.) Hudson was arrested at the scene.

At the time of his arrest, Hudson was serving a five-year period of post-release control on a state conviction for having a weapon while under a disability. (Doc. No. 14, at 1, 5–6; Doc. No. 18, at 7–8.) On January 24, 2023, Hudson was administered a drug test at the Mahoning County

---

[1] The weapon was a Taurus, Model G3C, 9mm handgun loaded with one round of ammunition in the chamber and an additional 10 rounds of ammunition in the magazine. (Doc. No. 14, at 8 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.); *see* Doc. No. 1, at 1.)

Justice Center and tested positive for marijuana and fentanyl. (Doc. No. 14, at 2.) On March 21, 2023, Hudson was found to be in violation of the terms of his post-release control and was sentenced to a term of 212 days imprisonment. (*Id.*)

A writ of habeas corpus ad prosequendum issued to secure Hudson's initial appearance in this matter before Magistrate Judge Carmen E. Henderson. (Doc. No. 8 (Writ).) At Hudson's arraignment, the government moved for detention. (Minutes of Proceedings [non-document], 10/04/2023.) Attorney Sean T. Logue was appointed to represent Hudson. (CJA 20 Appointment, 10/04/2023.) Following the arraignment, an order of detention pending a hearing was issued. (Doc. No. 12 (Order).)

On October 19, 2023, the magistrate judge conducted a detention hearing. (Minutes of Proceedings [non-document], 10/19/2023.) At the hearing, the government, relying on the pretrial services report, proffered that Hudson had an extensive history that began in 2010 when he was a juvenile and was adjudicated delinquent for a felonious assault. As an adult, he had been convicted of robbery, multiple (three) counts of aggravated robbery, multiple (two) counts of having weapons while under a disability, and participating in a criminal gang. (Doc. No. 18, at 21; *see* Doc. No. 14, at 4–7.) The government further noted that Hudson had been profiled by the Ohio Department of Rehabilitation and Correction as being affiliated with a gang, the "Bloods," while incarcerated at the Toledo Correctional Institution. (Doc. No. 18, at 21–22; *see* Doc. No. 14, at 2.) The government also underscored that Hudson was eight months into a five-year term of post-release control when he allegedly committed the present weapons offense, and that he had recently tested positive for illegal substances, specifically marijuana and fentanyl. (Doc. No. 18, at 22; *see* Doc. No. 14, at 2 and 4.)

Hudson called one witness at the hearing—Twanna Harris, Hudson's mother—who testified that Hudson could live with her if released on bond and that Hudson had a job lined up with a business owned by a family member. (Doc. No. 18, at 16–17.) She also promised to ensure that Hudson made all court appearance and abided by all terms of his release. (*Id*. at 17.)

In her order of detention, the magistrate judge first (properly) observed that there was no rebuttable presumption of detention. 18 U.S.C. § 3142(f)(2). (Doc. No. 15, at 1–2; *see* Doc. No. 18, at 12.) After considering the evidence proffered at the hearing, the magistrate judge determined that the government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (Doc. No. 15, at 2; *see* Doc. No. 18, at 33.) In reaching this conclusion, the magistrate judge relied upon findings that the weight of evidence against Hudson was strong; he had a significant criminal history; he had participated in criminal activity while on probation, parole, or supervision; he had a history of violence or use of weapons; and he had a history of alcohol or substance abuse. (Doc. No. 15, at 2; *see* Doc. No. 18, at 29–30.).

A final pretrial conference is scheduled in this matter for January 19, 2024, and a jury trial is set to begin the week of February 12, 2024. (Doc. No. 20 (Order to Continue-Ends of Justice).)

## II. DISCUSSION

Hudson now seeks review and revocation of the magistrate judge's order imposing detention pending trial. Title 18 U.S.C. § 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge. When the Court "acts on a motion to revoke or amend a magistrate's detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585

(5th Cir. 1992) (citation omitted). As explained more thoroughly below, the Court, having conducted its *de novo* review, finds that the government presented clear and convincing evidence that no condition or combination of conditions exist that would reasonably ensure the safety of any other person and the community.

Beyond his request for review, Hudson offers no arguments in favor of release, other than his representation that "there are lesser restrictive means of ensuring his appearance at all future proceedings as well as to provide for the safety of the community." (Doc. No. 17, at 1.) At the detention hearing, defense counsel noted that Hudson had strong ties to the community, and he suggested that Hudson could wear a GPS tracker, submit to drug tests, and be responsible to his mother for his behavior and appearances at all future court proceedings. (Doc. No. 18, at 26–27.)

The Court finds, as the magistrate judge did previously, that the government has met its burden of demonstrating Hudson represents a risk of danger to others and to the community. Like the magistrate judge, the Court is troubled by Hudson's criminal history of violent felony crimes, many of which involved the use of weapons. It is true, as the magistrate judge noted, that several of the convictions were more than 10 years old. (Doc. No. 18, at 30; *see* Doc. No. 14, at 4–7.) Yet, the fact remains that Hudson was incarcerated for much of his adult life. And within eight months of his most recent release to post-release control, he managed to be arrested and charged with possession of a weapon, ammunition, and illegal controlled substances; a very dangerous combination. His gang affiliation and his failed drug test are also concerning. Based on these facts, and the record as a whole, the Court agrees with the magistrate judge that less restrictive means will likely prove ineffective in preventing Hudson from posing a danger to others and the community. GPS monitoring will not curb Hudson's tendency toward violence, and drug testing

5

has already proved ineffective at inhibiting his use of controlled substances. Further, neither his strong ties to the community, nor the support of his family (including his mother), have to date prevented Hudson from engaging in dangerous criminal behavior with weapons.

### III. CONCLUSION

Based on its *de novo* review, the Court finds that the record establishes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, for the foregoing reasons, Hudson's motion to revoke the detention order is DENIED.

**IT IS SO ORDERED**.

Dated: November 22, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**